UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| YOLANDA GAUSE, | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8:20-cv-458-AAQ |
| UNITED STATES OF AMERICA, | * | |
| Defendant | * | |

**MEMORANDUM OPINION AND ORDER**

This case arises out of an alleged motor vehicle collision between Plaintiff Yolanda Gause and an agent of Defendant United States of America. Currently pending before the Court is the United States' Motion to Dismiss for Failure to Prosecute. ECF No. 47. The Motion has been fully briefed, and a hearing is not necessary under this Court's local rules. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons discussed below, the United States' Motion is granted, and Ms. Gause's claims shall be dismissed without prejudice.

**BACKGROUND**

The following facts are set forth in Plaintiff's Complaint and attachments thereto. *See* ECF No. 1. Ms. Gause alleges that on or about May 2, 2018, at approximately 7:58 AM, she was operating a motor vehicle in Washington, D.C. *Id.* at ¶ 13. She alleges that Sherman Boggs, an employee of the General Services Administration ("GSA"), was operating a GSA-owned vehicle when he negligently failed to maintain his lane of travel and side-swiped Ms. Gause's vehicle. *Id.* at ¶¶ 2, 10, 13. Ms. Gause and her passenger, Curtis Clark, each allegedly suffered physical injuries as a result of the collision. *Id.* at ¶¶ 14, 16. At the time, Mr. Boggs was acting on behalf of the GSA. *Id.* at ¶ 10.

1

In August and September of 2018, Ms. Gause and Mr. Clark submitted a claim packet to the GSA, seeking recovery for the motor vehicle collision.  ECF No. 1-1.  On January 29, 2019, the GSA acknowledged receipt of the claim packet and requested additional information from Ms. Gause and Mr. Clark substantiating their claims.  *Id.* at 1–3.  On December 9, 2019, the GSA denied Ms. Gause's and Mr. Clark's claims because they failed to submit the supplemental information the GSA requested, which left the agency with insufficient information to investigate their claims.  *See* ECF No. 1-2, at 1.

On February 21, 2020, Ms. Gause and Mr. Clark brought this action against Defendant United States of America, asserting negligence claims under the Federal Tort Claims Act, 28 U.S.C. § 2672, *et. seq.*, and seeking damages.  ECF No. 1.  Mr. Clark accepted a settlement offer from the United States and voluntarily dismissed his claims.  ECF Nos. 42, 48.  According to the United States, it initially propounded discovery requests on May 19, 2021, but Ms. Gause failed to provide any response.  ECF No. 47, at 1.  Ms. Gause's counsel informed the United States that they were trying to resume contact with Ms. Gause.  *Id.*  Between October 1, 2021, and March 7, 2023, this Court granted six extensions of the discovery schedule because Ms. Gause suffered a stroke and was in a rehabilitation facility where her counsel was unable to communicate with her.  *See* ECF Nos. 28, 30, 32, 34, 36, 38.  More than two years after the United States initially propounded discovery and sought to depose Ms. Gause, its requests remain outstanding.  ECF No. 47, at 3.  On September 22, 2023, Ms. Gause's counsel filed a Motion to Withdraw as Ms. Gause's attorney because they had been unsuccessful in their attempts to contact Ms. Gause and had exhausted all efforts to resume contact with her.  ECF No. 45, at 1.  The Court granted the Motion to Withdraw.  ECF No. 46.  On November 9, 2023, the United States filed a Motion to Dismiss Ms. Gause's Claims for Failure to Prosecute pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure. ECF No. 47. On March 15, 2024, this Court entered an Order to Show Cause, directing Ms. Gause to show cause within fourteen days as to why her case should not be dismissed for failure to prosecute and warning that failure to do so may result in the dismissal of her claims. ECF No. 50. Ms. Gause has not responded to the United States' Motion to Dismiss or to this Court's Order to Show Cause.

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss where the plaintiff has "fail[ed] to prosecute or to comply with . . . a court order . . . ." The Court of Appeals for the Fourth Circuit has instructed district courts to consider the following four factors before granting a Rule 41(b) dismissal: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r of Internal Revenue*, 916 F.2d 171, 174 (4th Cir. 1990). "[T]he four factors . . . are not a rigid four-prong test. Rather, the propriety of a dismissal . . . depends on the particular circumstances of the case." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989).

Rule 41(b) provides that "unless stated otherwise, the dismissal 'operates as an adjudication on the merits,' that is, with prejudice." *Rahim, Inc. v. Mindboard, Inc.*, No. GLR-16-1155, 2017 WL 1078409, at *2 (D. Md. Mar. 22, 2017) (quoting Fed. R. Civ. P. 41(b)). Nonetheless, "the rule commits to the discretion of the district court the decision whether to dismiss with or without prejudice." *Leftridge v. Matthews*, No. ELH-11-3499, 2012 WL 1377060, at *6 (D. Md. Apr. 18, 2012). The Court of Appeals for the Fourth Circuit has cautioned that a "dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of 'the sound public policy of deciding cases on their merits.'" *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). Where all four factors do not clearly support

dismissal under Rule 41(b), courts are encouraged to "take sanctions of a less drastic nature, such as . . . dismissal without prejudice." *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 921 (4th Cir. 1982).

## DISCUSSION

Ms. Gause has failed to prosecute her case as she has been unreachable for over two years. Further, Ms. Gause has failed to respond to the United States' Motion to Dismiss, *see* ECF No. 47, and has failed to comply with the Court's Order to Show Cause, *see* ECF No. 50.  Upon consideration of the four dismissal factors, Ms. Gause's claims must be dismissed without prejudice.

With respect to Ms. Gause's personal responsibility for her failure to prosecute this case, the Court sympathizes that Ms. Gause's absence may be the result of a health condition. Nonetheless, under this Court's precedents, "it cannot be said that anyone other than" Ms. Gause "is responsible for [her] failure to participate in [her] own case." *Bair v. United States*, No. EA-20-769, 2024 WL 811467, at *2 (D. Md. Feb. 27, 2024).  When Ms. Gause was represented by counsel, her counsel was responsive to the Court and to the United States.  *See, e.g.*, ECF Nos. 42, 44 (Ms. Gause's former counsel contributing to the submission of joint status reports that the Court requested); ECF No. 45 (Ms. Gause's former counsel's Motion to Withdraw as Attorney, which lists several times and methods through which they attempted to contact Ms. Gause).  Since September 2023, Ms. Gause has represented herself.  ECF No. 46.  As discussed above, since that time, she has failed to respond to an Order of the Court, as well as a Motion seeking dismissal of her case.  While "*[p]ro se* litigants are entitled to some deference from courts," *Ballard*, 882 F.2d at 96, they are not entitled "to disregard [their] duty to prosecute the action [they] initiated and abide by court orders," *Bair*, 2024 WL 811467, at *2.

The second factor weighs in favor of dismissal because Ms. Gause's failure to prosecute this case has caused the United States significant prejudice. Although this case has been pending for over four years, little progress has been made because Ms. Gause has not complied with her discovery obligations. As the United States argues, it cannot defend against Ms. Gause's claims without receiving responses to its discovery requests and having an opportunity to depose her. ECF No. 47, at 3–4. Significant prejudice can result from noncompliance with discovery requests. *See Woodard-Charity v. Kaiser Found. Health Plan of the Mid-Alt. States, Inc.*, No. PWG-11-3555, 2013 WL 3863935, at *3 (D. Md. July 23, 2013) ("Defendant has suffered significant prejudice as a result of Plaintiff's continued noncompliance with discovery requests"); *Bair*, 2024 WL 811467, at *3 ("The United States—and the Court—have a complete deficit of information concerning [the plaintiff's] factual and legal contentions, damages calculation, witnesses, and exhibits, which prevents resolution of this action on the merits").

Regarding the third factor, a review of the record shows no "drawn out history of deliberately proceeding in a dilatory fashion." *Onyeneho v. Farmers Ins. Exch.*, No. JKB-12-3692, 2014 WL 1918637, at *4 (D. Md. Mar. 13, 2024) (quoting *Chandler*, 669 F.2d at 920). The Court can find no evidence that Ms. Gause's absence from this case has been deliberate. *See, e.g., Adams v. Genesis Healthcare LLC*, No. GLR-17-3762, 2019 WL 13471919, at *3 (D. Md. Jan. 14, 2019) (finding that a plaintiff who "enter[ed] his appearance and then, apparently, [did] little else" did not deliberately proceed in a dilatory fashion); *Koontz v. Kimberly*, No. 19-cv-1321-JMC, 2021 WL 1541662, at *6 (D. Md. Apr. 20, 2021) (finding that a plaintiff who responded to overdue discovery requests with statements like "I will not provide you with this information" and "I do not answer questions" did deliberately proceed in a dilatory fashion).

The final factor, the availability of less drastic sanctions, does not counsel against dismissal, though it weighs in favor of dismissal without prejudice. Dismissal without prejudice is a less severe sanction which courts employ when dismissing claims of *pro se* plaintiffs or claims that appear to be meritorious. *See Chandler*, 669 F.2d at 920–21 (recommending dismissal without prejudice as one type of less drastic sanction); *Mitchel v. LVNV Funding, LLC*, No. JKB-21-2972, 2022 WL 17834152, at *2 (D. Md. Dec. 21, 2022) (viewing with leniency *pro se* plaintiff's lack of compliance with discovery procedures and opting to dismiss the case without prejudice); *Brown v. Astrue*, No. 11-cv-214-HEH, 2012 WL 604135, at *2 (E.D. Va. Feb. 8, 2012) (dismissing without prejudice *pro se* plaintiff's case as a less-drastic sanction); *Kramer v. Bd. of Educ. of Balt. Cnty.*, No. WMN-10-2346, 2011 WL 13362532, at *1 (D. Md. Nov. 8, 2011) (dismissing plaintiff's claims without prejudice because the claims had shown promise at earlier phases of the litigation). Here, Ms. Gause is now proceeding *pro se*. The fact that the United States settled Mr. Clark's claims, ECF No. 42, and attempted to make a settlement offer to Ms. Gause, ECF No. 44, supports the merit of Ms. Gause's claims. Accordingly, while dismissal for failure to prosecute is warranted under these circumstances, the Court will dismiss Ms. Gause's claims without prejudice to allow her the possibility of reasserting her claims in a subsequent lawsuit. However, the Court notifies Ms. Gause that "to the extent the statute of limitations prevents her from re-filing this action, her . . . conduct may have effectively rendered this dismissal as one with prejudice." *Trussell v. Comm'r of Soc. Sec.*, No. 13-cv-47, 2013 WL 6979745, at *2 (E.D. Va. Dec. 13, 2013).[1]

**CONCLUSION**

---

[1] The Court makes no final determination as to whether Ms. Gause's claims would be time-barred if she reasserts them in the future. If there is an applicable tolling exception, Ms. Gause is entitled to seek its application.

For the foregoing reasons, the United States' Motion to Dismiss is GRANTED. The Court shall dismiss Ms. Gause's claims without prejudice. The Clerk is directed to close the case.

So ordered.

Date: April 1, 2024

                                                  /s/
                                      Ajmel A. Quereshi
                                      U.S. Magistrate Judge